**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

HEATHER GENERES,

        Plaintiff,

v.

EQUIFAX, INC.,

        Defendant.

Case No. 1:21-cv-05103-SDG-CMS

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Equifax Inc., by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to Plaintiff Heather Generes's Complaint as follows:

***Parties and Service of Process***

**COMPLAINT ¶1:**

Equifax, Inc. ("Defendant" or "Equifax") is a global data, analytics and technology company that provides information solutions to individuals and businesses, primarily related to financial information such as credit monitoring and fraud prevention.

**ANSWER:**

Equifax admits the allegations in Paragraph No. 1 of Plaintiff's Complaint.

**COMPLAINT ¶2:**

Equifax is a Georgia corporation that maintains its principal place of business at 1550 Peachtree Street NW, H46, Atlanta, Georgia, 30309-2402. At all

relevant times, Defendant maintained a Georgia office at 1550 Peachtree Street NW, H46, Atlanta, Georgia, 30309-2402.

**ANSWER:**

 Equifax admits the allegations in Paragraph No. 2 of Plaintiff's Complaint.

**COMPLAINT ¶3:**

 Equifax can be served through its registered agent, Corporation Service Company, for service of process at: 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

**ANSWER:**

 Equifax admits the allegations in Paragraph No. 3 of Plaintiff's Complaint.

**COMPLAINT ¶4:**

 Equifax has over 12,000 employees worldwide and its headquarters are located in Atlanta, Georgia.

**ANSWER:**

 Equifax admits the allegations in Paragraph No. 4 of Plaintiff's Complaint.

**COMPLAINT ¶5:**

 Plaintiff Heather Generes ("Plaintiff" or "Ms. Generes") is an individual who was employed by Defendant, working out of its Georgia office beginning in May, 2016 located at 1550 Peachtree Street NW, H46, Atlanta, Georgia, 30309-2402. On November 1, 2019, she began working at its Georgia office located at One Atlantic Center, 1201 West Peachtree Street, Atlanta, Georgia 30309. Ms. Generes resides at De which is within the Northern District of Georgia.

**ANSWER:**

 Equifax admits that it employed Plaintiff beginning in May 2016 out of its

Atlanta, Georgia offices.  Equifax is without knowledge or information sufficient

to form a belief as to the truth of the allegations relating to where Plaintiff

currently resides.

## COMPLAINT ¶6:

Plaintiff consents to being a party to this action pursuant to 29 U.S.C. § 216(b).

## ANSWER:

Upon information and belief, Equifax admits the allegations in Paragraph

No. 6 of Plaintiff's Complaint.

### *Jurisdiction and Venue*

## COMPLAINT ¶7:

Jurisdiction is proper in this Court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## ANSWER:

Equifax admits that jurisdiction is proper in this Court.  Equifax, however,

denies that it engaged in any wrongdoing, and denies that Plaintiff is entitled to any

relief whatsoever.

## COMPLAINT ¶8:

Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant's headquarters is located in Atlanta, Georgia.

**ANSWER:**

Equifax admits that venue is proper in this district.  Equifax, however, denies that it engaged in any wrongdoing, and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶9:**

Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 42 U.S.C. § 2000e-5(f)(3) because it is the judicial district where Plaintiff worked and where the unlawful employment practices occurred.

**ANSWER:**

Equifax admits that venue is proper in this district.  Equifax, however, denies that it engaged in any wrongdoing, and denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶10:**

This action is timely filed within ninety (90) days after receiving a Right to Sue notice from the Equal Employment Opportunity Commission following the timely filing of a Charge of discrimination with the agency.

**ANSWER:**

Equifax admits that Plaintiff filed this lawsuit within 90 days of the Equal Employment Opportunity Commission's ("EEOC") issuance of a Dismissal and Notice of Rights.  Equifax denies the remaining allegations in Paragraph No. 10 of Plaintiff's Complaint.

*Ms. Generes's Position and Duties*

**COMPLAINT ¶11:**

Ms. Generes began her employment at Equifax in May, 2016 as Senior Vice President, Chief Marketing Officer of the International Business Unit. She was originally recruited by Equifax into a high-ranking executive position and was included in Equifax's succession plan. Plaintiff was groomed for and was expected to obtain higher ranking positions within the organization.

**ANSWER:**

Equifax admits that Plaintiff began her employment with Equifax in May 2016 in the position of Marketing (Business Relationship Management) - Senior Group Manager, as part of the Company's International Business Unit.  Equifax denies the remaining allegations in Paragraph No. 11 of Plaintiff's Complaint.

**COMPLAINT ¶12:**

As Senior Vice President, Chief Marketing Officer of the International Business Unit, Ms. Generes held a leadership role within one of the divisions of Equifax. She reported to the leadership team of Equifax, including Vice Presidents, the President and other officers of the company.

**ANSWER:**

Equifax admits that Plaintiff held the position of Marketing (Business Relationship Management) - Senior Group Manager, and further admits that Plaintiff reported directly to John Hartman, President of the International Business Unit, at the time of her separation.  Equifax denies the remaining allegations in Paragraph No. 12 of Plaintiff's Complaint.

**COMPLAINT ¶13:**

Ms. Generes consistently received favorable performance reviews during her time with Equifax and throughout her employment with Equifax, she expressed a desire to advance and move up in the corporate hierarchy.

**ANSWER:**

Equifax admits that Plaintiff received satisfactory performance reviews during her employment. Equifax denies the remaining allegations in Paragraph No. 13 of Plaintiff's Complaint.

**COMPLAINT ¶14:**

During a serious data breach at Equifax, Plaintiff went above and beyond her call of duty and worked many long hours helping the company recover from the serious blow to its reputation.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 14 of Plaintiff's Complaint.

**COMPLAINT ¶15:**

During her approximately 3 years of employment at Equifax, Ms. Generes maintained an outstanding record of achievement and was considered a high performer.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 15 of Plaintiff's Complaint.

**COMPLAINT ¶16:**

Ms. Generes had many conversations with her superiors at Equifax where they had discussed her being part of the company senior leadership succession plan. She had no reason to believe that she was not being considered for promotion or other career advancement opportunities at Equifax.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 16 of Plaintiff's Complaint.

**COMPLAINT ¶17:**

Despite her performance, Ms. Generes's employment was impacted by Equifax's decision to eliminate the International Group, and she was scheduled to have her employment terminated.

**ANSWER:**

Equifax admits that in 2019, it made the necessary business decision to

eliminate several positions in the International Business Unit as a result of a

revenue decrease.  Equifax further admits that one of the positions that it

eliminated as a result of this decision was the position that Generes held.  Equifax

denies the remaining allegations in Paragraph No. 17 of Plaintiff's Complaint.

**COMPLAINT ¶18:**

Ms. Generes is not claiming the decision to terminate her employment as part of the elimination of the International Group was discriminatory or a pretext for discrimination, but rather contends that after the elimination of the International Group, Equifax did not give her a fair or honest opportunity to apply for other positions within Equifax for which she was qualified.

**ANSWER:**

Equifax admits that this is Plaintiff's contention, but denies that it engaged

in any wrongdoing or that it violated the law in any manner.

**COMPLAINT ¶19:**

On the day Ms. Generes learned that the International Group was going to be eliminated, she originally had a meeting scheduled with her superiors to discuss other open positions in the company to further her career.

**ANSWER:**

Equifax admits that, after she learned of the elimination of her position,

Plaintiff discussed her interest in other open positions with her manager.  Equifax

denies the remaining allegations in Paragraph No. 19 of Plaintiff's Complaint.

**COMPLAINT ¶20:**

Ms. Generes first realized Equifax's pattern of discrimination and pretextual conduct the same day she was informed of the elimination of the International Group. During that meeting she was told that there were no positions available at her level at the time. Ms. Generes knew this statement was false and told the managers who made the statement that she knew it was untrue and that there were other positions in the company for which she was qualified and should be allowed to apply.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 20 of Plaintiff's Complaint.

**COMPLAINT ¶21:**

When her job position was eliminated, Plaintiff inquired about open job positions at her level. Those open positions were concealed from her. Despite contrary statements by Equifax management, Ms. Generes knew of open positions within the company and met with human resources to ask to be considered for those openings.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 21 of Plaintiff's Complaint.

**COMPLAINT ¶22:**

When she attempted to apply for open jobs, she was asked how she found out about those positions.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 22 of Plaintiff's Complaint.

**COMPLAINT ¶23:**

Equifax tried to prevent Ms. Generes from applying for, or from being considered for, open positions within the company.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 23 of Plaintiff's Complaint.

**COMPLAINT ¶24:**

Eventually, Ms. Generes was terminated from her employment without being given the opportunity to apply for, or to be fairly considered for, open positions within the company for which she was qualified. At the time of her separation, Ms. Generes served as the Senior Vice President Chief Marketing Officer of the International Business Unit for Equifax.

**ANSWER:**

Equifax admits that it terminated Plaintiff's employment as the result of a

position elimination.  Equifax denies the remaining allegations in Paragraph No. 24

of Plaintiff's Complaint.

**COMPLAINT ¶25:**

Ms. Generes attempted to apply for the Chief Marketing Officer, USIS Division, but was unfairly discriminated against in the application and interview process.

**ANSWER:**

Equifax admits that Plaintiff interviewed for the US Information Solutions

business unit Chief Marketing Officer position.  Equifax denies the remaining

allegations in Paragraph No. 25 of Plaintiff's Complaint.

**COMPLAINT ¶26:**

Ms. Generes attempted to apply for the Senior Vice President, Strategy
position, but was unfairly discriminated against in the application and interview
process.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 26 of Plaintiff's Complaint.

**COMPLAINT ¶27:**

Ms. Generes attempted to apply for the Chief Product Officer position, but
was unfairly discriminated against in the application and interview process.

**ANSWER:**

Equifax admits that Plaintiff interviewed for the US Information Solutions

business unit Chief Product Officer position.  Equifax denies the remaining

allegations in Paragraph No. 27 of Plaintiff's Complaint.

**COMPLAINT ¶28:**

Ms. Generes attempted to apply for other positions within Equifax, including
any positions that Equifax was considering applicants for with her experience and
background, but was unfairly discriminated against in the application and interview
process.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 28 of Plaintiff's Complaint.

*Equifax Concealed the Existence of Job Openings from Ms. Generes*

**COMPLAINT ¶29:**

Despite her outstanding achievements as Senior Vice President Chief Marketing Officer, Equifax concealed job openings for which Ms. Generes was qualified. Ms. Generes was not informed of open positions despite her repeated requests to apply for any available position within Equifax at her level of skill and experience.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 29 of Plaintiff's Complaint.

**COMPLAINT ¶30:**

On the day that Plaintiff learned of the termination of the International Group, she was falsely informed that there were no open positions at the company.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 30 of Plaintiff's Complaint.

**COMPLAINT ¶31:**

Specifically, Ms. Generes was not told of two positions that were open at that time, Chief Marketing Officer, USIS and Chief Product Officer. She confronted the company once she learned of these open positions. Equifax's human resources representative stated that she was surprised that Ms. Generes was able to learn about the Chief Marketing Officer position.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 31 of Plaintiff's Complaint.

**COMPLAINT ¶32:**

On numerous occasions, Ms. Generes requested information about any job opportunities with Equifax. Ms. Generes expressed a willingness to be employed at jobs equivalent to her level, above her level, and at levels below where she had worked.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 32 of Plaintiff's Complaint.

**COMPLAINT ¶33:**

Ms. Generes explicitly and repeatedly asked to be considered for the position of Senior Vice President, Strategy. She was dissuaded and misled about this position. Eventually a male was selected for this position.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 33 of Plaintiff's Complaint.

**COMPLAINT ¶34:**

As Ms. Generes's date of termination approached, she repeatedly requested that Equifax consider her for any available temporary projects, or other assignments that could keep her employed at Equifax.

**ANSWER:**

Equifax admits that Plaintiff asked whether she could assist with any short term or special projects prior to her termination from Equifax.  Equifax denies the remaining allegations in Paragraph No. 34 of Plaintiff's Complaint.

**COMPLAINT ¶35:**

Other similarly situated executives had been given similar opportunities to fill temporary roles or complete special projects until a suitable position could be found. Ms. Generes was not afforded this opportunity, despite her requests.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 35 of Plaintiff's Complaint.

**COMPLAINT ¶36:**

After her last day of employment with Equifax, Plaintiff learned that the company had new job openings in the Senior Vice President, Solutions Marketing position and in the interim CMG position, but she was never informed of these opportunities even though she repeatedly asked about open positions.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 36 of Plaintiff's Complaint.

**COMPLAINT ¶37:**

Ms. Generes applied for these positions by expressing her interest in being considered for any position available. Since Equifax was dishonest with her about the positions that were available, she was not given an opportunity to either apply for, interview for, or compete for positions that were open and available for which she was qualified.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 37 of Plaintiff's Complaint.

**COMPLAINT ¶38:**

Equifax eventually hired a white male for the position of Senior Vice President, Strategy.

**ANSWER:**

Equifax admits the allegations in Paragraph No. 38 of Plaintiff's Complaint.

**COMPLAINT ¶39:**

Equifax "hired" a white female for the position of Chief Marketing Officer, USIS, but the female was only employed at Equifax for less than a month and

never relocated to Atlanta. After this hire failed, Equifax did not offer Ms. Generes the opportunity to apply for or to be considered for this position again.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 39 of Plaintiff's Complaint.

**COMPLAINT ¶40:**

On information and belief, based upon subsequent hires and changing of roles at Equifax, Ms. Generes contends there were other positions at Equifax that Defendant was either actively seeking to fill or in the planning stages of filling. These positions were ones for which Ms. Generes would have been qualified.

**ANSWER:**

Equifax admits that the Company has filled open positions following

Plaintiff's termination.  Equifax denies the remaining allegations in Paragraph No.

40 of Plaintiff's Complaint.

**COMPLAINT ¶41:**

Equifax did not inform Ms. Generes of these other positions or their other efforts to recruit, interview, or employ individuals for positions for which Ms. Generes could have applied for and been considered for had Equifax not discriminated against her.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 41 of Plaintiff's Complaint.

**COMPLAINT ¶42:**

The events stated herein are not the only examples of discriminatory and pretextual treatment of Ms. Generes in her effort to apply for available positions. Rather, Equifax engaged in a continuing pattern of pretextual and dishonest behavior, with the intent of not giving Ms. Generes a fair opportunity to apply for,

interview for, or compete for open positions within the company for which she was qualified.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 42 of Plaintiff's Complaint.

**COMPLAINT ¶43:**

It was clear to Ms. Generes, she was discriminated against based on her gender (female) and race (Asian) because Equifax purposefully kept open positions within the company hidden from her. Her last day at Equifax was November 1, 2019.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 43 of Plaintiff's Complaint.

**COMPLAINT ¶44:**

Ms. Generes filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about March 12, 2020. The Charge was timely filed within 180 days of the adverse actions taken against her by Equifax.

**ANSWER:**

Equifax admits that Plaintiff filed a Charge of Discrimination with the

EEOC on or about March 12, 2020.  Equifax denies the remaining allegations in

Paragraph No. 44 of Plaintiff's Complaint.

**COMPLAINT ¶45:**

On September 23, 2021, Ms. Generes received a Notice of Right to Sue.

**ANSWER:**

Equifax is without knowledge and information sufficient to form a belief as

to the truth of the allegations in Paragraph No. 45 of Plaintiff's Complaint.

**COMPLAINT ¶46:**

This lawsuit is being filed within ninety (90) days of receiving the Notice of
Right to Sue and is thus timely filed.

**ANSWER:**

Equifax admits that this lawsuit was filed within 90 days of the EEOC's

issuance of a Dismissal and Notice of Rights.  Equifax denies the remaining

allegations in Paragraph No. 46 of Plaintiff's Complaint.

## COUNT I - TITLE VII DISCRIMINATION
## ON THE BASIS OF GENDER (FEMALE)

**COMPLAINT ¶47:**

Plaintiff hereby incorporates Paragraphs 1 through 46 as though set forth in
full herein.

**ANSWER:**

Equifax restates its answers to Paragraph Nos. 1 through 46, as its answer to

Paragraph No. 47 of Plaintiff's Complaint.

**COMPLAINT ¶48:**

Ms. Generes was discriminated against on the basis of her sex (female),
when Equifax failed or refused to hire her, or to consider her for hire, to open
positions available within the company for which she was qualified.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 48 of Plaintiff's Complaint.

**COMPLAINT ¶49:**

Equifax treated Ms. Generes differently on the basis of her gender from other similarly situated individuals seeking employment for executive level positions at Equifax.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 49 of Plaintiff's Complaint.

**COMPLAINT ¶50:**

Equifax's discriminatory conduct is not limited to those positions for which Ms. Generes was qualified and applied for, but also includes employment positions and opportunities within the company that were concealed from her, positions for which she was not permitted to apply for, and positions for which she expressed an interest in applying for but was not permitted to do so nor considered as an applicant.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 50 of Plaintiff's Complaint.

**COMPLAINT ¶51:**

Equifax's explanations for its employment decisions, including its explanations provided to Ms. Generes regarding the positions available for her to apply for, were and are pretextual.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 51 of Plaintiff's Complaint.

**COMPLAINT ¶52:**

Ms. Generes has been damaged as a direct and proximate result of Defendant's intentional, malicious, willful, wanton, and reckless or other violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, et seq., as amended.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 52 of Plaintiff's Complaint.

**COMPLAINT ¶53:**

Equifax's conduct was intentional and/or in reckless disregard of Ms. Generes's federally protected rights.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 53 of Plaintiff's Complaint.

**COMPLAINT ¶54:**

Ms. Generes suffered emotional and mental distress as a proximate cause of the company's intentional discrimination against her in violation of Title VII. Ms. Generes is entitled to compensatory and punitive damages in an amount up to the statutory limit as determined by a jury of her peers.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 54 of Plaintiff's Complaint.

**COMPLAINT ¶55:**

Ms. Generes is entitled to an award of attorneys' fees and costs incurred in this action as allowed by statute.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 55 of Plaintiff's Complaint.

## COUNT II - DISCRIMINATION ON THE BASIS OF
## NATIONAL ORIGIN AND/OR ETHNICITY

**COMPLAINT ¶56:**

Plaintiff hereby incorporates Paragraphs 1 through 55 as though set forth in full herein.

**ANSWER:**

Equifax restates its answers to Paragraph Nos. 1 through 55 as its answer to

Paragraph No. 56 of Plaintiff's Complaint.

**COMPLAINT ¶57:**

Ms. Generes was discriminated against on the basis of her national origin (Chinese) and/or ethnicity (Chinese American), when Equifax failed or refused to hire her, or to consider her for hire, to open positions available within the company for which she was qualified.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 57 of Plaintiff's Complaint.

**COMPLAINT ¶58:**

Equifax treated Ms. Generes differently on the basis of her national origin and/or ethnicity from other similarly situated individuals seeking employment for executive level positions at Equifax.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 58 of Plaintiff's Complaint.

**COMPLAINT ¶59:**

Equifax's discriminatory conduct is not limited to those positions for which Ms. Generes was qualified and applied for, but also includes employment positions and opportunities within the company that were concealed from her, positions for

which she was not permitted to apply for, and positions for which she expressed an interest in applying for but was not permitted to do so nor considered as an applicant.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 59 of Plaintiff's Complaint.

**COMPLAINT ¶60:**

Equifax's explanations for its employment decisions, including its explanations provided to Ms. Generes regarding the positions available for her to apply for, were and are pretextual.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 60 of Plaintiff's Complaint.

**COMPLAINT ¶61:**

Ms. Generes has been damaged as a direct and proximate result of Defendant's intentional, malicious, willful, wanton, and reckless or other violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, et seq., as amended.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 61 of Plaintiff's Complaint.

**COMPLAINT ¶62:**

Equifax's conduct was intentional and/or in reckless disregard of Ms. Generes's federally protected rights.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 62 of Plaintiff's Complaint.

**COMPLAINT ¶63:**

Ms. Generes suffered emotional and mental distress as a proximate cause of the company's intentional discrimination against her in violation of Title VII. Ms. Generes is entitled to compensatory and punitive damages in an amount up to the statutory limit as determined by a jury of her peers.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 63 of Plaintiff's Complaint.

**COMPLAINT ¶64:**

Ms. Generes is entitled to an award of attorneys' fees and costs incurred in this action as allowed by statute.

**ANSWER:**

Equifax denies the allegations in Paragraph No. 64 of Plaintiff's Complaint.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff hereby demands a TRIAL BY JURY, judgment against Defendant, and an award of damages in the form of:

(a)    Back pay wages and employee benefits;

(b)    Compensatory damages, including, but not limited to, emotional distress, damage to reputation, loss of enjoyment, damage to reputation, embarrassment, and accrued interest;

(b)    Punitive Damages;

(c)    Attorney's fees and litigation costs;

(d)    Interest; and

(e)    Such other and further relief in equity or law that may pertain.

**ANSWER:**

Equifax admits that Plaintiff requests certain relief as described above. Equifax, however, denies that Plaintiff is entitled to any relief, and denies the remaining allegations in the Prayer for Relief paragraph of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff's claims are based on any acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

### SECOND DEFENSE

To the extent that Plaintiff alleges that any of Equifax's employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Equifax, and was undertaken without the knowledge or consent of Equifax.  Thus, Equifax is not liable for any such conduct, if it occurred.

### THIRD DEFENSE

Plaintiff is not entitled to punitive damages because Equifax made good faith efforts to comply with Title VII and all other applicable anti-discrimination laws.

### FOURTH DEFENSE

To the extent Plaintiff failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

**FIFTH DEFENSE**

All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory and reasonable business reasons and factors. All of Equifax's actions regarding Plaintiff were taken in good faith.

**SIXTH DEFENSE**

Equifax had in place a clear and well disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Equifax or to otherwise avoid harm, Plaintiff's claims are barred.

**SEVENTH DEFENSE**

Equifax avers that even if some impermissible motive was a factor in any employment decision concerning Plaintiff, a claim that Equifax expressly denies, the same decision(s) would have been reached for legitimate business reasons.

**EIGHTH DEFENSE**

Plaintiff's claims may be barred in full or in part by the doctrine of estoppel, unclean hands, and/or after-acquired evidence.

**NINTH DEFENSE**

To the extent Plaintiff failed to exhaust her administrative remedies or failed to comply with any procedural prerequisites prior to bringing her claims in this action, the Court lacks subject matter jurisdiction or such claims are otherwise barred.

## TENTH DEFENSE

Plaintiff's claims are not actionable because Plaintiff cannot show that any reason offered by Equifax with respect to Plaintiff was in any way a pretext for purposeful, intentional, and/or legally prohibited discrimination.

## ELEVENTH DEFENSE

To the extent Plaintiff failed to apply for any of the positions at issue, Plaintiff fails to state a claim upon which relief can be granted with respect to those positions.

WHEREFORE, Equifax respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Equifax its reasonable attorneys' fees, costs, expenses, and any and all other relief the Court deems just and proper.

DATED:  March 7, 2022

By: */s/ Christina Forte Meddin*
    Christina Forte Meddin
    cmeddin@seyfarth.com

SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
Telephone:    (404) 885-1500
Facsimile:    (404) 892-7056

Attorneys for Defendant
Equifax Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HEATHER GENERES,<br><br>        Plaintiff,<br><br>   v.<br><br>EQUIFAX, INC.,<br><br>        Defendant. | Case No. 1:21-cv-05103-SDG-CMS |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 7, 2022, I electronically filed DEFENDANT'S

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

with the Clerk of Court using the CM/ECF system, and served a copy of same upon

the following attorney of record:

> Randall D. Grayson
> DELCAMPO GRAYSON LOPEZ, LLC
> 5455 Chamblee Dunwoody Rd
> Atlanta, Georgia 30338

*/s/ Christina F. Meddin*
Christina F. Meddin
*Counsel for Defendant Equifax Inc.*